Leonard R. Berman
9220 SW Barbur Blvd. Suite119. Box 180
Portland, OR 97219
(503)516-3715
OSB # 96040
Easyrabbi@yahoo.com

ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RACHEL HANEY SMALLWOOD, CHANDRA LOVELAND, LAURA WICKIZER, Individually and On Behalf of a Class of Others Similarly Situated, | Case No. 3:18:CV-1816 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| | Civil Rights: Prisoner 8th Amendment, Sexual Assault, Medical Malpractice, 42 USC Sec. 1983 Violation, Conspiracy to Violate Civil Rights 42 USC Sec. 1985 (3), Preliminary and Permanent Injunction Sought |
| v. | **JURY TRIAL DEMANDED** |
| DR. CATHERINE E. CRIM, Personally, DR. S. SHELTON, Personally, D. BROWN, Personally, | |
| Defendants. | |

1  COMPLAINT

## I. INTRODUCTION

This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiffs and proposed Class by the United States Constitution and the laws of the United States of America. For at least the last two years, the Coffee Creek Corrections Facility (CCCF) has had a policy or practice of allowing a staff doctor Catheine E. Crim to treat women inmates and sexually abuse them.

It is believed dozens, if not hundreds of women have been mistreated by Dr. Crim. Numerous former inmate patients report sexually suggestive, inappropriate dialogue and rough and abusive treatment by Dr. Crim.

1. Pursuant to 42 USC §1983 an Plaintiffs Smallwood, Loveland and Wickizer and allege that Defendants Crim, Shelton and Brown violated their 8th Amendment rights by denying them safe and competent medical care and exposing them to tortious and criminal professional misconduct at the hands of theircontract staff doctor Crim. David Brown RN supervisor medical director Shelton conspired to hinder or obstruct prosecution of Dr. Crim and/or deprive inmates of safe care of the constitutional rights of redress under the First, Fifth and Fourteenth Amendments, resulting in medical mistreatment and malpractice, and causing wanton and needless infliction of significant discomfort , pain, anguish, emotional distress.

2. Plaintiffs seek awards of economic damages, non-economic damages, and attorney fees and litigation expenses/costs against Defendants. Plaintiffs also seek an award of punitive damages against Defendants.

2  COMPLAINT

## II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§1331, 1343, and 1367.

## III. PARTIES

4. At all material times herein, Plaintiffs were in the custody and care of Coffee Creek Correctional facility (CCCF) run by the State of Oregon in Washington County. Smallwood is recently out of custody and Loveland is no longer in custody. Wickizer is still in custody.

5. At all material times herein, Defendants were employees of the State of Oregon, acting under color of law and are sued in their official and individual capacities as well. Dr. Shelton is the Medical Director for the State, Crim was an outside provider contracted with the state for clinical visits, was the Chief Medical Officer for CCCF and Brown was a nursing director for CCCF.

## IV. FACTS

6. On or about February 3, 2017, Dr. Crim sexually abused Ms. Loveland during multiple medical exams at CCCF in addition to abusive visits since November 2016 and into January 2017. Dr. Crim stimulated and fondled her vagina and made inappropriate comments.

7. On or about February 3, 2017, Dr. Crim sexually abused Ms. Smallwood-Haney during multiple medical exams at CCCF since November 2016 and into January 2017. Dr. Crim stimulated and fondled her vagina and made inappropriate comments.

3  COMPLAINT

8. On or about August 25, 2017, Dr. Crim sexually abused Ms. Wickizer during multiple medical exams at CCCF. Laura Wickizer saw Dr. Crim regarding tenderness and perineal pain upon initiation of a cervical exam. Rather than be gentle, Dr. Crim used an oversized speculum very roughly. She was aggressive and abrupt, causing intense pain and discomfort and resulted later in persistent bleeding from her uterine walls. She failed to seek follow-up treatment fearing further sexual battery, assault, negligence and medical negligence. She filed grievances and appeals, and all were denied.

9. All plaintiffs timely filed tort claim notices.

## V. FIRSTCLAIM FOR RELIEF

### (§1983 – 8th Amendment Violation)

10. As applicable, Plaintiffs incorporate the above.

11. As described above, Dr. Crim, David Brown, and Dr. Crim violated their right not to be subjected to cruel and unusual punishment and tortious and criminal assault during medically-compelled exams in violation of th 8th Amendment of the United States Constitution , with no medical basis for doing so. Crim injured plaintiffs directly. Shelton and Brown failed to takesteps to prevent abuse and correct, disciplne or fire Crim. Shelton,Brown and Crim conspired to "look the other way" after tort claims and grievances and allowed for ongoing abuse of female imates.

11. As a result of the above, Loveland, Smallwood and Wickizer are entitled to an award of economic and noneconomic damages against the individual Defendants in amounts to be determined at trial.

12. As a result of the above, Loveland, Smallwood and Wickizer are entitled to an award of

4  COMPLAINT

punitive damages against all defendants in an amount to be determined at trial.

13. Plaintiffs should be awarded their attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI.  SECOND CLAIM FOR RELIEF

### (State Law Claim – Medical Negligence)

14. As applicable, Plaintiffs Smallwood, Loveland and Wickizer incorporate the above.

15. All defendants were medically negligent in one or more of the following particulars:

 (a)  Failing to require a physical and visible attendant at gynecological exams;

 (b)  Failing to report Dr. Crim to the Oregon Board of Medical Examiners for alleged multiple counts of misconduct;

 (c)   Failing to hire, train and supervise medical staff in the proper treatment of women inmates to prevent sexual abuse and assault;

 (d) Failing to curtail continuing unfettered access to female patients by Crim after the state's first complaint received on or February 3, 2017 tort claims, whichever came first, after reports of abuse and misconduct;

  (e) Failing to discipline or discharge Dr. Crim after February 3, 2017.

  (f) Dr. Crim failing to treat patients in a safe, therapeutic, non-abusive fashion

16. As a direct result of the negligence of Dr. Shelton, Dave Brown, and Dr. Crim, and as a substantial factor and legal cause thereof, Loveland, Smallwood and Wickizer have suffered economic and noneconomic damages against defendants in amounts to be determined at trial.

17. Loveland, Smallwood and Wickizer should be awarded their costs against defendants.

## VI.   THIRD CLAIM FOR RELIEF

### (State Law Claim – Sexual Battery)

**18**. As applicable, Plaintiffs incorporates the above.

19. Dr. Crim committed sexual battery against Plaintiffs Loveland, Smallwood and Wickizer while in her medical care at CCCF.

### DEMAND FOR PUNITIVE DAMAGES

20.   The actions of the Individual Defendants, detailed herein are outrageous, in that they involved a deliberate indifference to the health and safety of , and numerous others and allowed ongoing, long-term pain, suffering and sexual abuse of female inmates at CCCF.

### **DEMAND FOR TRIAL BY JURY**

21. Plaintiffs hereby request trial by jury.

### **PRAYER FOR RELIEF**

A. WHEREFORE, Plaintiffs request that this Honorable Court grants them the following relief:

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to in an amount to be determined by a Jury.

6  COMPLAINT

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for punitive damages for each.

D. A preliminary and permanent injunction enjoining Defendants from continuing to allow defendant Dr. Crim, Shelton and Brown or other tortious individuals (Tony Kline) to treat women in private for gynecological, intimate and pap smear exams absent a medical attendant visibly present and observing to prevent irreparable harm to current and future female inmates.

E. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 2

**DATED This 14th** day of October, 2018.

Respectfully submitted by:
S//S Leonard R. Berman

_____
Leonard R. Berman, OSB # 96040
**ATTORNEY FOR PLAINTIFFS**

7  COMPLAINT